IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

| | |
|---|---|
| Tecnocap, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>United Steel, Paper and Forestry, )<br>Rubber, Manufacturing, Energy, )<br>Allied Industrial and Service Workers )<br>Workers International Union, )<br>AFL-CIO-CLC Local No. 152M )<br>)<br>Defendant. ) | Case No. 5:18-cv-156<br>Judge Bailey |

### ANSWER AND COUNTERCLAIM OF DEFENDANT UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO-CLC, LOCAL NO. 152M

#### Answer

Defendant United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers International Union, AFL-CIO-CLC, Local No. 152M ("Local 152M" or "Local Union"), by counsel, Timothy F. Cogan, and CASSIDY COGAN SHAPELL & VOEGELIN, L.C., hereby answers the Complaint and Motion to Vacate Arbitration Award ("Complaint") of Plaintiff Tecnocap, LLC ("Tecnocap" or "Company") as follows:

#### Parties

1. Answering ¶ 1 of the Complaint, Local 152M, the specified Defendant in the Complaint, admits that Tecnocap operates a manufacturing facility at 1701 Wheeling Ave, Glendale, West Virginia 26038. Local 152M denies all other allegations of ¶ 1 for

{00163913.1}



want of knowledge, including but not limited to whether the Company operates a manufacturing facility in Warren, Ohio.

2. Answering ¶ 2 of Complaint, Local 152M admits that it is a labor organization representing employees in an industry affecting commerce, as defined by the Labor Management Relations Act, *29 U.S.C. § 141 et seq* ("LMRA") but states that International Steelworkers is a separate labor organization from Local 152M. The Local Union admits that it is the successor-in-interest to the Glass, Molders, Pottery, Plastics & Allied Workers International Union, AFL-CIO CLC Local 152. Local 152M denies all other averments contained within ¶ 2.

### Jurisdiction and Venue

3. Answering ¶ 3 of the Complaint, Local 152M admits that this Court has jurisdiction pursuant to § 301 of the LMRA, *20 U.S.C. § 185* and that Tecnocap is covered by the LMRA. Local 152M denies all other averments contained within ¶ 3.

4. Answering ¶ 4 of the Complaint, Local 152M admits the averments contained therein with the exceptions that no employees reside at the Company facility in Glendale, West Virginia and that some of the Tecnocap employees employed at the Glendale facility live outside this District.

### Complaints

5. Answering ¶ 5 of the Complaint, Local 152M admits it is a bargaining representative for all hourly production and maintenance and warehouse employees employed by Tecnocap at the Glen Dale, West Virginia facility who are not covered by a contract or contracts with other unions at relevant times of this dispute, although the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied, Industrial and

Service Workers International Union, AFL-CIO-CLC ("International Steelworkers") is the exclusive bargaining representative directly and through the Local Union. Local 152M denies all other averments contained within ¶ 5.

6. Answering ¶ 6 of the Complaint, Local 152M admits that it is a certified bargaining representative of certain hourly production and maintenance and warehouse employees covered by a sequence of collective bargaining agreements (CBAs) between the Company and the International Union, by and through the Local Union, one of which is attached as Ex. 1 to the Complaint.

7. Answering ¶ 7 of the Complaint, Local 152M admits that the Company maintains a policy entitled "Attendance Control Program," which is attached as Ex. 2 to the Complaint. The extent that these averments seek to represent statements made in and meaning of the Attendance Control Program, Local 152M denies those averments.

8. Answering ¶ 8 of the Complaint, Local 152M admits Tecnocap assigned Sam Hall ("Hall") 9 points under the Attendance Control Program. Local 152M denies all other averments contained in ¶ 8.

9. Answering ¶ 9 of the Complaint, Local 152M admits that the Company terminated Hall after assigning him 9 points under the Attendance Control Program. Local 152M further admits that a copy of the termination letter is attached as Ex. 3 to the Complaint. Local 152M denies all other averments contained in ¶ 9.

### Count I – Arbitrator's Decision Regarding Timeliness

10. Answering ¶ 10 of the Complaint, Local 152M repeats, re-alleges, and incorporates by reference its answers to ¶¶ 1-9 as if fully set forth herein.

11. Answering ¶ 11 of the Complaint, Local 152M admits all averments contained therein and that a copy of the grievance is attached as Ex. 4 to the Complaint.

12. Answering ¶ 12 of the Complaint, Local 152M admits all averments contained therein and that a copy of the response is attached as Ex. 5 to the Complaint.

13. Answering ¶ 13 of the Complaint, Local 152M admits that Hall's grievance progressed to Step 2 of the grievance procedure on April 17, 2016, and that a copy of the grievance is attached to the Complaint as Ex. 6. Local 152M denies all other averments contained within ¶ 13.

14. Answering ¶ 14 of the Complaint, Local 152M admits that Mr. Doty provided a written answer to the Hall grievance on April 25, 2016, and that a copy of the answer is attached to the Complaint as Ex. 7. Local 152M denies all other averments contained within ¶ 14.

15. Answering ¶ 15 of the Complaint, to the extent that these averments seek to represent provisions or meaning of the CBA, Local 152M denies those averments. Local 152M denies all other averments contained within ¶ 15.

16. Answering ¶ 16 of the Complaint, Local 152M admits that Mr. Jacks sent a letter dated July 2, 2016 to Mr. Doty, and that letter is attached to the Complaint at Ex. 8. The extent that these averments seek to represent statements in the letter or their meaning, Local 152M denies those averments Local 152M denies all other averments contained within ¶ 16.

17. Answering ¶ 17 of the Complaint, Local 152M admits that Mr. Doty sent an email on July 5, 2016 and that email is attached to the Complaint as Ex. 9. To the extent that these averments seek to represent statements made in the email or their

meaning, Local 152M denies those averments. Local 152M denies all other averments contained within ¶ 17.

18. Answering ¶ 18 of the Complaint, Local 152M admits that Mr. Jacks sent a letter to Mr. Doty on July 11, 2016 and that letter is attached to the Complaint as Ex. 10. As these averments seek to characterize statements made in the letter or their meaning, Local 152M denies those averments.

19. Answering ¶ 19 of the Complaint, Local 152M admits that on July 20, 2016, Mr. Cotton sent a letter to Mr. Doty and that letter is attached to the Complaint as Ex. 11. As these averments seek to characterize statements made in the letter, Local 152M denies those averments and all remaining averments of this paragraph.

20. Answering ¶ 20 of the Complaint, Local 152M admits that the Company refused to arbitrate the Hall grievance. Local 152M denies all other averments contained within ¶ 20.

21. Answering ¶ 21 of the Complaint, Local 152M admits the averments contained therein.

22. Answering ¶ 22 of the Complaint, Local 152M admits the averments contained therein.

23. Answering ¶ 23 of the Complaint, Local 152M admits that the arbitrator issued an award on March 27, 2018 related to the timeliness issue or the Hall grievance and that award is attached to the Complaint as Ex. 12. As these averments seek to characterize statements in the arbitrator's award, Local 152M denies those averments and all remaining averments of this paragraph.

24. Answering ¶ 24 of the Complaint, Local 152M admits that the arbitrator issued an award on July 18, 2018 on the merits of the Hall grievance and that award is attached to the Complaint as Ex. 13. As these averments seek to characterize statements in the arbitrator's award, Local 152M denies those averments and all remaining averments of this paragraph.

25. Answering ¶ 25 of the Complaint, Local 152M states that this paragraph contains a legal conclusion that does not require an answer, and to extent required, Local 152M denies all averments, including legal conclusions, contained therein.

26. Answering ¶ 26 of the Complaint, as these averments seek to characterize provisions in the CBA, Local 152M denies those averments.

27. Answering ¶ 27 of the Complaint, to the extent these averments seek to characterize provisions in the CBA, Local 152M denies those averments. Local 152M denies all remaining averments contained within ¶ 27.

28. Answering ¶ 28 of the Complaint, Local 152M denies all averments contained within ¶ 28.

29. Answering ¶ 29 of the Complaint, to the extent these averments seek to characterize provisions in the CBA, Local 152M denies those averments. Local 152M denies all other averments contained therein.

30. Answering ¶ 30 of the Complaint, Local 152M admits that the CBA contains an Art. 28 § 2, and that the Complaint accurately quotes part of that section.

31. Answering ¶ 31 of the Complaint, Local 152M denies all averments contained therein.

32. Answering ¶ 32 of the Complaint, Local 152M denies all averments contained therein.

33. Answering ¶ 33 of the Complaint, Local 152M denies all averments contained therein.

### Count II – The Arbitrator's Decision on the Merits

34. Answering ¶ 34 of the Complaint, Local 152M repeats, re-alleges, and incorporates by reference its answers to ¶¶ 1-33 as if fully set forth herein.

35. Answering ¶ 35 of the Complaint, Local 152M admits the averments contained therein.

36. Answering ¶ 36 of the Complaint, Local 152M admits that, as of March 3, 2016, Hall had accumulated 8 points under the Company's Attendance Control Program. Local 152M denies all other averments contained within ¶ 36.

37. Answering ¶ 37 of the Complaint, Local 152M denies all averments contained therein.

38. Answering ¶ 38 of the Complaint, Local 152M admits and avers that Hall was eligible for FMLA hours on March 4, 2016, and was absent from work that day for FMLA-qualified reasons. Local 152M denies all other averments contained within ¶ 38.

39. Answering ¶ 39 of the Complaint, Local 152M admits that Hall signed a request for medical leave form and dated it March 6, 2016. Local 152M further admits that the Complaint accurately quotes certain language from the request for medical leave form and that Hall received a packet of forms related to his FMLA leave request. Local 152M denies all other averments contained within ¶ 39.

40. Answering ¶ 40 of the Complaint, Local 152M admits that Hall's request for FMLA leave was denied by the Company, that the Company assigned Hall a 9th point under the Attendance Control Program, that Tecnocap issued a letter on March 29, 2016 informing Hall that he was being suspended for three days, and that the Company discharged Hall on April 5, 2016. Local 152M denies all other averments contained within ¶ 40.

41. Answering ¶ 41 of the Complaint, Local 152M admits and avers that Hall submitted the FMLA paperwork on March 29, 2016, and later that day submitted a letter from his doctor's office taking responsibility for not completing the paperwork timely. Local 152M denies all other averments contained within ¶ 41.

42. Answering ¶ 42 of the Complaint, Local 152M denies the averments contained therein.

43. Answering ¶ 43 of the Complaint, Local 152M denies the averments contained therein.

44. Answering ¶ 44 of the Complaint, Local 152M denies the averments contained therein.

45. Answering ¶ 45 of the Complaint, Local 152M denies the averments contained therein.

46. Answering ¶ 46 of the Complaint, Local 152M denies the averments contained therein.

47. Answering ¶ 47 of the Complaint, Local 152M denies the averments contained therein.

48. Local 152M denies all averments not specifically admitted.

### Affirmative Defenses

1. The Plaintiff fails to state a claim upon which relief can be granted.

2. The Complaint, or parts thereof, is barred by the applicable statutes of limitation.

3. The Plaintiff has waived all defenses to the arbitration awards.

4. Tecnocap failed to name a required party under Rule 19. The parties to the agreement are the International Steelworkers, by and through the Local 152M, and Tecnocap. The rights at issue are exercised by the International.

### Counterclaim

1. United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers International Union, AFL-CIO-CLC, Local 152M ("Local 152M"), pursuant to *Fed.R.CivP.13*, protectively alleges its cause of action in the form of a counterclaim against the Plaintiff Tecnocap, LLC ("Tecnocap" or "Company"), noting that it is a signatory to the CBA, as a successor to Glass, Molders, Pottery, Plastics and Allied Workers ("GMP"), and that the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers International Union, AFL-CIO-CLC ("International Steelworkers") is filing a separate action to enforce the arbitration award. International Steelworkers is the exclusive bargaining representative directly and through the Local Union.

2. This Court has jurisdiction and venue over this matter under the provisions of §§301(a) and (c) of the Labor Management Relations Act of 1947 ("LMRA"), as amended, *29 U.S.C. § 185, et seq.*

{00163913.1}  9

3. Local 152M is a labor organization representing employees in industries affecting commerce under the meaning of the LMRA, *29 U.S.C. §§ 142, et seq*. Local 152M provide such representation within the geographic area covered by this Court.

4. Tecnocap operates a facility in Glen Dale, West Virginia. At all times relevant to this Counterclaim, the Company was an employer engaged in an industry affecting commerce as defined in the LMRA, *29 U.S.C. § § 142, et seq*.

5. At all times relevant herein, Local 152M represented certain production and maintenance employees of the Company's Glen Dale facility for purposes of collective bargaining, namely those unrepresented by any other union.

5. From November 29, 2015 through February 28, 2018, the Company and the Union's predecessor, GMP, were parties to a Collective Bargaining Agreement ("CBA") that covered terms and conditions of employment for certain hourly paid production, maintenance, and warehouse employees at the Glen Dale facility. This CBA was initially effective from November 29, 2015 through November 18, 2017, and was extended through February 28, 2018 by mutual agreement of the parties. A true and complete copy of the CBA is attached to the Complaint as Ex 1.

6. The CBA allows the Company to discharge covered employees but only "for just cause." Ex. 1, p. 12.

7. Art. 27 and 28 of the 2015-2018 CBA provided for grievance and arbitration procedures, respectively. Ex. 1, p. 34-37. Art. 28, § 4 states that "[t]he decision of the arbitrator shall be final and binding on all parties to the [CBA] and the employees involved." *Id*. at 37.

8. On April 6, 2016, Local 152M filed a grievance in connection with the termination of Sam Hall ("Grievance"). Local 152M and Company did not resolve the Grievance short of arbitration.

9. Following an Order from this Court in Civil Action 5:17-CV-6, requiring Tecnocap to arbitrate the Grievance, arbitration hearings were held on February 13, 2018 and May 29, 2018.

10. The arbitrator issued an award on March 27, 2018 regarding the timeliness of the Grievance. This award is attached to the Complaint in this matter as Ex 12. The arbitrator held the Grievance was timely and arbitrable.

11. The arbitrator issued an award on July 18, 2018 regarding the merits of the Grievance. This award is attached to the Complaint in this matter as Ex. 13.

12. The arbitrator sustained the Grievance, and awarded reinstatement with proper back pay.

13. This Court's scope or standard of review of an arbitration award is the most narrow standard or scope of review for a reviewing court.

### Relief Requested

14. The Company has refused and is refusing to abide by the arbitrator's July 18, 2018 award without justification.

15. Local 152M is without any adequate remedy at law and is suffering irreparable injury because the Company has refused and is refusing to comply with its obligations under the Agreement and the arbitrator's July 18, 2018 award.

WHEREFORE, Local 152M respectfully requests that this Court:

a. Confirm and enforce the arbitrator's July 18, 2018 award concerning Tecnocap's termination of Hall without just cause;

b. Order the Company to pay all lost wages to Hall;

c. Order the Company to pay prejudgment interest on wages from the date of reinstatement ordered by the arbitrator;

d. Order the Company to pay Local 152M its costs and reasonable and necessary attorney's fees in this matter, and;

e. Issue such other relief as this Court may determine is just and proper.

Respectfully submitted,

UNITED STEEL, PAPER and FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL, AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO-CLC LOCAL 152M

Counterclaim Plaintiff.

By: /s/ Timothy F. Cogan, Esq.
Of Counsel

Timothy F. Cogan, Esq.
(WV Bar No. 764)
CASSIDY, COGAN
SHAPELL & VOEGELIN, L. C.
The First State Capitol
1413 Eoff Street
Wheeling, WV 26003
Telephone: (304) 232-8100
Fax: (304) 232-8200
tfc@walslaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

| | |
|---|---|
| Tecnocap, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:18-cv-156 |
| | ) Judge Bailey |
| United Steel, Paper and Forestry, | ) |
| Rubber, Manufacturing, Energy, | ) |
| Allied Industrial and Service Workers | ) |
| Workers International Union, | ) |
| AFL-CIO-CLC Local No. 152M | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of October, 2018, I electronically filed the foregoing **ANSWER AND COUNTERCLAIM OF DEFENDANT UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED-INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO-CLC LOCAL NO. 152M** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those listed for this action to receive notice by CM/ECF.

By: /s/ Timothy F. Cogan, Esq.
Of Counsel

Timothy F. Cogan, Esq. (WVSB #764)
CASSIDY, COGAN, SHAPELL,
& VOEGELIN, L.C.
1413 Eoff St.
Wheeling, WV 26003
P: 304-232-8100
F: 304-232-8200
tfc@walslaw.com

{00163913.1}　　　　　　　　　　13